A98A1184. KOBRYN et al. v. McGEE et al.
(503 SE2d 630)

ELDRIDGE, Judge.

Michael and Della Mae Kobryn filed suit against Lowell and Mary McGee in August 1996, asserting that the defendants encroached upon their riverfront property. The trial court granted the defendants' motion for summary judgment on December 12, 1997. We affirm.

The facts of this case are as follows: the plaintiffs purchased their Camden County property from Elmer I. Berrie in May 1971. The deed specifically describes the property's northern boundary as "running in a generally northwesterly direction . . . for a distance of 285.9 feet to a point, which is the center line of a ditch; thence running south 01 degree 14 minutes east for a distance of 225.3 feet to the said two inch pipe, which is the point or place of beginning. . . . The tract of land herein conveyed is bounded on the north by the southerly low water mark of Little Satilla River, on the south by a road to Hickory Bluff Subdivision, on the east by the center line of a ditch, and on the west by the center line of a ditch." (Emphasis supplied.)

In October 1981, the defendants purchased adjoining property on the western boundary of the plaintiffs' land. The defendants' deed established their eastern boundary, which was adjacent to the plaintiffs' western boundary, as beginning at the "southwest corner of the

lands of Elmer I. Berrie . . . thence running South 1 degree 14 minutes East and long [sic] the line of lands of Elmer I. Berrie[.]" In May 1990, the defendants constructed a boat dock on the Little Satilla River. There is no dispute that the dock lies west of the centerline of the ditch.

Six years later, in February 1996, the plaintiffs notified the defendants that the dock encroached upon their land and demanded that the dock be removed. When the defendants refused, this suit was filed. The defendants moved for summary judgment on August 13, 1997, asserting that the plaintiffs' evidence erroneously positioned the boundary line and, therefore, failed to establish any encroachment. The trial court granted the motion and this appeal followed. *Held*:

For the purposes of this appeal, the only issue is the location of the boundary line between the properties. The plaintiffs assert that the line is defined by the metes and bounds description in their deed, while the defendants claim that the boundary is the centerline of the ditch, as set forth in the plaintiffs' deed. As such, the plaintiffs contend that a jury question exists regarding the location of their western property line, and that the defendants were not entitled to summary judgment. We disagree, because the boundary line, in this case, is a legal determination to be made from within the four corners of the plaintiffs' deed as a matter of legal construction.

1. The plaintiffs rely on their deed as evidence that the defendants' boat dock encroached upon their property. However, the plaintiffs' deed is internally inconsistent. While one provision gives specific metes and bounds for the property lines, two other provisions set the western property line as the "center line of a ditch." The referenced ditch provides drainage and also serves as a tidal basin for the river. Such ditch is a natural landmark within the meaning of OCGA § 44-4-5 (1) and is considered the "most conclusive evidence" of a land line. OCGA § 44-4-5 (1); *Martin v. Patton*, 225 Ga. App. 157, 162 (2) (483 SE2d 614) (1997); *Efstathiou v. Saunders*, 189 Ga. App. 470 (376 SE2d 413) (1988). Courses and distances shall be resorted to only in the absence of higher evidence. OCGA § 44-4-5 (4); *Martin v. Patton*, supra at 162. " 'Where the calls of a deed are for natural as well as known artificial objects, both courses and distances, when inconsistent, must be disregarded.' Pindar, Ga. Real Estate Law & Procedure (4th ed. 1993), § 19-155, citing *Riley v. Griffin*, [16 Ga. 141, 147 (1854)]." *Martin v. Patton*, supra at 162; *Lyons v. Bassford*, 242 Ga. 466, 470 (249 SE2d 255) (1978).

The construction of a deed is a question of law for the trial court in the absence of ambiguity. OCGA § 13-2-1; *Turk v. Jeffreys-McElrath Mfg. Co.*, 207 Ga. 73, 75 (60 SE2d 166) (1950); see also *Castellana v. Conyers Toyota*, 200 Ga. App. 161, 165 (407 SE2d 64)

(1991); *Foshee v. Harris*, 170 Ga. App. 394, 395 (317 SE2d 548) (1984). When the trial court can apply statutory rules of construction to the express terms of the deed to reach only one legal meaning, no ambiguity exists. See *Foshee v. Harris*, supra at 395; *Turk v. Jeffreys-McElrath Mfg. Co.*, supra at 75. In this case, the proper legal construction of plaintiffs' deed clearly establishes the western property line as the center of the ditch.

2. However, the plaintiffs argue that the ditch is not the "most conclusive evidence" under OCGA § 44-4-5 (1) because that statute refers to "[n]atural landmarks, being less liable to change[.]" They argue that OCGA § 44-4-5 (1) is inapplicable in this case because the boundaries of the ditch have, in fact, changed over the past several years. Such asserted statutory construction is not supported by precedent and is inconsistent with analogous provisions in OCGA §§ 44-8-2 (regarding shifting of the boundaries and centerline of nonnavigable streams) and 44-8-6 (regarding nonnavigable tidewaters). Therefore, such construction will not be adopted herein. Further, it is undisputed that the centerline of the ditch in this case is discernible, has existed for a substantial period of time, and can be accurately defined, so that it qualifies as a natural landmark. *Martin v. Patton*, supra at 162.

Accordingly, not only does the plaintiffs' deed fail to support their claim, it affirmatively disproves their claim as a matter of law.

3. The plaintiffs' other evidence included a survey which ignored the references to natural landmarks in their deed and, instead, relied exclusively upon the metes and bounds description. Thus, pursuant to OCGA § 44-4-5 (1), it must be disregarded.

4. The plaintiffs also presented an affidavit by Wayne Harper, who previously owned the defendants' property, which claims that his "understanding" was that the eastern boundary of his land was the "extreme west side of the ditch." However, where the boundary line can be accurately determined from within the four corners of the deed by the proper application of the legal rules of construction, parol evidence cannot be resorted to by a party to vary the boundary. See generally OCGA §§ 13-2-1; 13-2-2 (1).

Further, there is no apparent basis for Harper's "understanding," nor is it supported by any documentation, e.g., the warranty deed from his predecessor in title.[1] See generally OCGA § 9-11-56 (c). In fact, Harper's "understanding" is irrelevant in that it directly conflicts with other portions of his affidavit, such as the text of the warranty deed from his conveyance of the property to the defendants.

---

[1] In fact, Harper's predecessor in title, Carey Branch, stated in an affidavit that the centerline of the ditch always was understood to be the boundary line between the two properties. See generally OCGA § 44-5-34.

The terms of Harper's deed to the defendants expressly establish the defendants' eastern property line to run along "the line of lands of Elmer I. Berrie [(the plaintiffs' predecessor in title)]," i.e., down the centerline of the ditch. As such, the affidavit does not support the plaintiff's claim.

5. Finally, the plaintiffs attempt to prove their case by attacking the defendants' deed, which does not refer specifically to the ditch as a boundary line. The plaintiffs contend that the defendants are, therefore, limited to the metes and bounds descriptions in the deed. However, as previously noted, the defendants' deed describes the eastern property line as running along "the line of lands of Elmer I. Berrie[.]" "When the lines or courses of an adjoining tract are called for in a deed or grant, the lines *shall be extended to them, without regard to distances*, provided these lines and courses be sufficiently established." (Citation and punctuation omitted; emphasis supplied.) *Martin v. Patton*, supra at 162. Therefore, the defendants' deed cannot be construed to support the plaintiffs' case and is dependent upon the plaintiffs' deed being correctly construed.

Accordingly, the trial court was correct in finding, as a matter of law, that the defendants were entitled to summary judgment.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JUNE 3, 1998.

*Alan D. Tucker*, for appellants.
*Whelchel, Brown, Readdick & Bumgartner, John E. Bumgartner*, for appellees.