A99A0207. GEORGIA ASSOCIATION OF EDUCATORS, INC.
v. PARAGON PRODUCTIONS, INC.
(520 SE2d 37)

SMITH, Judge.

The Georgia Association of Educators ("GAE") brought this action against Paragon Productions seeking recovery of rent due under the terms of a lease. Paragon answered and counterclaimed, alleging GAE's failure to repair and failure to provide exclusive possession and quiet enjoyment of the premises. At trial, the jury found in favor of GAE but awarded damages in the amount of zero dollars. The trial court denied GAE's motion for new trial, and GAE appeals.[1] Because the trial court, without applying the appropriate rules of contract construction to the lease agreement, erroneously instructed the jury that it should determine the intentions of the parties and that it could consider parol evidence in determining their intentions, we reverse the denial of GAE's motion for new trial.

1. The trial court instructed the jury that "the cardinal rule for the interpretation of contracts is for you, the jury, to determine the intention of the parties" and that "where a contract incorporates ambiguous conditions, then parol testimony is admissible to aid in construing the contract." GAE objected to both charges before they

---

[1] The trial court granted a directed verdict as to Paragon's counterclaims, but Paragon did not cross-appeal.

were given, noting that the jury determines the intent of the parties only if an ambiguity exists in the contract, that no ambiguity had been shown, and that parol evidence therefore was not admissible. GAE also preserved its objections after the charge.

> In construing oral and written contracts, the court should apply the appropriate three-step process of contract construction. . . . First, if no ambiguity appears, the trial court enforces the contract according to its terms irrespective of all technical or arbitrary rules of construction. Thus, where the terms of the contract are clear and unambiguous, the court looks only to the contract to find the parties' intent. Second, if the potential for ambiguity appears, the existence or non-existence of an ambiguity is itself a question of law for the court, unless an ambiguity remains even after the court has applied the pertinent rules of contract construction. Finally, issues of contract construction will be submitted to the jury only when there appears to be an ambiguity in the contract which cannot be resolved by the court's application of the statutory rules of construction.

(Citations omitted.) *Gill v. B & R Intl.*, 234 Ga. App. 528, 530 (1) (a) (507 SE2d 477) (1998). Here, the trial court never applied this process and never determined that any portion of the contract was ambiguous.

> This court has consistently held that charging the jury on legal principles dealing with contract construction constitutes reversible error. Likewise, it was error in the instant case to give the jury the quoted charge on contract construction. It is not the province of the jury to construe unambiguous contracts.

(Citation and punctuation omitted.) *Allstate Ins. Co. v. Brannon*, 214 Ga. App. 300, 301 (1) (447 SE2d 666) (1994). The construction of a contract is a question of law to be decided by the trial court. OCGA § 13-2-1. The appellee has not pointed to any particular provision in the contract that it contends cannot be construed by the trial court. "When the trial court can apply statutory rules of construction to the express terms of the [contract] to reach only one legal meaning, no ambiguity exists." *Kobryn v. McGee*, 232 Ga. App. 754, 756 (1) (503 SE2d 630) (1998). To the extent that the amount of rent established by the "special stipulations" to the contract is ambiguous, being stated both as dollars per month and dollars per square foot, the trial court should have applied the rule of contract construction that handwritten portions of a contract control when they appear to be in

conflict with printed provisions. OCGA § 13-2-2 (7); *Foshee v. Harris*, 170 Ga. App. 394, 396 (317 SE2d 548) (1984).

Moreover, "in the absence of any ambiguity, parol evidence was not admissible to add to, take from, or vary the terms of the written contract. [Cit.]" *Stephens v. Crittenden Tractor Co.*, 187 Ga. App. 545, 548 (1) (b) (370 SE2d 757) (1988). The trial court accordingly erred in instructing the jury that it could construe the contract or consider parol evidence without first finding an ambiguity that could not be resolved by applying the rules of contract construction.

Under the facts of the case and in light of the jury's verdict, we cannot say that the error was harmless, because an apparent but resolvable ambiguity in the contract was not addressed by the trial court and was improperly left for the jury to resolve. For this reason, GAE's motion for new trial should have been granted.

2. GAE's remaining enumerations of error are rendered moot by our finding of reversible error in Division 1.

*Judgment reversed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JUNE 25, 1999.

*Ellenberg & Associates, Tamara M. Ogier*, for appellant.
*Wallace, Shannon & Francis, Derrick L. Wallace*, for appellee.