A01A0504, A01A0505. SOUTHWEST GEORGIA AREA HEALTH EDUCATION CENTER, INC. v. ROWELL; and vice versa.
(551 SE2d 99)

ANDREWS, Presiding Judge.

In Case No. A01A0504, pursuant to the grant of interlocutory review, Southwest Georgia Area Health Education Center, Inc. (hereinafter referred to as SOWEGA) appeals from the trial court's partial denial of its motion for summary judgment in its breach of contract suit against William Scott Rowell. In Case No. A01A0505, Rowell cross-appeals from the trial court's partial grant of SOWEGA's motion.

Pursuant to *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), we view the evidence in the light most favorable to Rowell.

SOWEGA is a nonprofit corporation formed pursuant to the Public Health Act and guidelines and regulations of the Department of Health & Human Services for the purpose of seeking to improve the health services delivery system in southwest Georgia, especially rural and underserved areas. SOWEGA's service area consists of 38 counties,[1] which are specifically listed in Exhibit A to the contract at issue here and include Coffee County but not Wayne County.

SOWEGA had established a physician assistant (PA) training program with the Medical College of Georgia (MCG), known as the Satellite Physician Assistant Program. Through this program, SOWEGA was assigned by its contract with MCG eight of thirty-six available slots in the 1996 entering class of PA students. In 1995, Rowell applied directly to MCG for admission to the PA program. He had previously applied to MCG's dental school and physical therapist program but was not accepted to dental school and did not timely apply for the physical therapy program. After applying to the PA program, he was given information by MCG on the SOWEGA program because he was then living in its service area. Rowell opted to have his application considered through SOWEGA.

Rowell was notified by letter of January 22, 1996, from SOWEGA that he had been selected to interview for "a position in the next SOWEGA . . . Satellite PA Program class." Rowell was then interviewed at the Albany offices of SOWEGA on February 6, 1996. Rowell was not interviewed by MCG, although all students admitted through the general applicant pool must be interviewed by MCG faculty before admission. On March 6, 1996, SOWEGA mailed Rowell a letter at the address which he provided, telling him he had been selected as an alternate. Rowell was then advised by letter of March 19, 1996, that his name was being recommended to MCG for admission through SOWEGA's program. Included with both letters was a copy of the contract between SOWEGA and Rowell for his signature. On March 20, 1996, SOWEGA sent a letter to MCG advising that one of the original eight students was not entering the program, but Rowell was to take her place. On March 25, 1996, MCG sent Rowell a letter welcoming him to the program and enclosing an Acceptance Agreement, which he was requested to return to secure his place in the class.

For its PA program class entering in 1996, MCG received 712 applications. Of those, forty-four students, including Rowell, requested referral to SOWEGA in order to be considered for one of SOWEGA's eight slots. One hundred seven applicants were forwarded to other Area Health Education Centers (AHEC) for consid-

---

[1] Other Area Health Education Centers served other underserved areas of Georgia.

eration in their programs, leaving a "general pool" of 561 applicants to be considered directly by MCG.

In excess of eighteen percent of the forty-four SOWEGA applicants were admitted to the program, while only three percent of the applicants not considered through an AHEC were admitted in 1996. According to the director of the PA program at MCG, Rowell would not have been admitted to the program if he had been considered from the general pool.

On April 1, 1996, Rowell signed the contract with SOWEGA. On April 30, Rowell signed and returned to MCG the Acceptance Agreement. Rowell thereafter completed the two-year program, graduated in 1998, and was licensed as a PA in Georgia.

While participating in the SOWEGA program, on February 20, 1997, Rowell signed a contract with Coffee County Regional Hospital, pursuant to which he was advanced $36,000 during his training. Rowell agreed to work for the hospital upon graduation. Instead, he went to work for a doctor in Wayne County, which was not in SOWEGA's service area.

The contract provides, in its first numbered paragraph, that

> SOWEGA-AHEC hereby agrees to submit Student's name to Medical College of Georgia Physician Assistant Program to fill one of the slots designated by Medical College of Georgia Physician Assistant Program to SOWEGA-AHEC, with the result that Student may be accepted as a physician assistant student at Medical College of Georgia Physician Assistant Program. Thereafter, Student will be entitled to participate fully in all Satellite Program activities and benefits. At the time of signing this contract, these benefits include, but are not limited to, assistance in arranging clinical rotations, assistance in arranging lodging during assignment to clinical rotations, reimbursement of certain travel expenses necessitated by clinical rotations as funds are available, *assistance in arranging use of required textbooks*, and orientation program prior to commencement of Student's academic program, and assistance in locating employment to comply with Paragraph 4 below.

(Emphasis supplied.)

Paragraph 4 provided that, upon successful completion of the program, Rowell would accept employment only within SOWEGA's thirty-eight-county service area and would complete two years service in that area.

## Case No. A01A0505

SOWEGA sued, seeking recovery of the liquidated damages of $36,000 provided by Paragraph 5 of the contract. Rowell's original answer pled lack of consideration, breach of contract by SOWEGA, and that Rowell was approved by the program "prior to the execution of this Contract." In his amended answer, Rowell claimed "great inadequacy of consideration" amounting to fraud. The trial court granted partial summary judgment to SOWEGA, finding the contract, including the liquidated damages clause, enforceable.

We conclude that the trial court's order fully, adequately, and correctly explains the reasons for this partial grant of summary judgment and hereby adopt that order as our own, with the exception of the paragraph regarding textbooks, which is addressed in Case No. A01A0504. Therefore, the partial grant of summary judgment is affirmed.

## Case No. A01A0504

In partially denying the motion for summary judgment, the trial court stated that

> [SOWEGA] contracted to provide [Rowell] with "assistance in arranging use of required textbooks." *Unlike the foregoing provision related to housing, a student about to embark on a professional training course could reasonably construe this provision to mean that textbooks would be supplied at the expense of [SOWEGA].* [Rowell] testified that he had to purchase between fifty and one hundred textbooks, and that he was offered only one book by [SOWEGA]. After applying the rules of contract construction, the Court concludes that an ambiguity remains as to this provision, and thus a jury will need to determine its import. As is the case with the alleged failure to arrange for adequate housing, this alleged breach by [SOWEGA] did not prevent the parties from performing the contract and [Rowell] is not relieved of his obligations thereunder but can seek damages. If the construction put forward by [Rowell] is accepted, he would be entitled to set-off the cost of his textbooks against his contractual liability to [SOWEGA], in an amount to be determined by the jury.

(Emphasis supplied.)

The construction of a contract is a question of law for the trial court. OCGA § 13-2-1. In construing contracts, the trial court should apply the three-step process of contract construction.

> First, if no ambiguity appears, the trial court enforces the contract according to its terms irrespective of all technical or arbitrary rules of construction. Thus, where the terms of the contract are clear and unambiguous, the court looks only to the contract to find the parties' intent. Second, if the potential for ambiguity appears, the existence or non-existence of an ambiguity is itself a question of law for the court, unless an ambiguity remains even after the court has applied the pertinent rules of contract construction. [OCGA § 13-2-2.] Finally, issues of contract construction will be submitted to the jury only when there appears to be an ambiguity in the contract which cannot be resolved by the court's application of the statutory rules of construction.

(Citations omitted.) *Gill v. B & R Intl.*, 234 Ga. App. 528, 530 (1) (a) (507 SE2d 477) (1998). See also *Ga. Assn. of Educators v. Paragon Productions*, 238 Ga. App. 681, 682 (520 SE2d 37) (1999).

Here, the only claimed ambiguity is with "assistance in arranging use of required textbooks." In this instance, unlike when considering the contract provisions regarding assistance with clinical rotations and housing, the trial court went beyond the four corners of the contract and engaged in speculation to conclude that "assistance" with regard to textbooks meant that SOWEGA would provide all required textbooks at no charge to Rowell.

" 'A word or [a] phrase is ambiguous when it is of uncertain meaning and may be fairly understood in more ways than one.' [*Akron Pest Control v. Radar Exterminating Co.*, 216 Ga. App. 495, 497 (1) (455 SE2d 601) (1995).]" *Garrett v. Women's Health Care &c.*, 243 Ga. App. 53, 57 (3) (532 SE2d 164) (2000). Assistance cannot be said to be of uncertain meaning or understood in more than one way. Assist means to "aid; help." American Heritage Dictionary (2nd college ed. 1985), p. 135.

Considering the contract as a whole, we conclude that its terms are clear and unambiguous, requiring no construction. Even assuming an ambiguity can be found, however, we find it was resolvable by applying the contract construction rules of OCGA § 13-2-2, and SOWEGA was entitled to summary judgment on this issue. Because Rowell acknowledged that he received at least one textbook from SOWEGA, even assuming that "assistance" was mandatory, assistance was provided to Rowell regarding textbooks, applying the normal meaning to "assistance" as mandated by OCGA § 13-2-2 (2). *Thomas v. American Global Ins. Co.*, 229 Ga. App. 107, 108 (2) (493 SE2d 12) (1997). Therefore, Rowell has failed to show any breach of the agreement which would entitle him to a set-off, and SOWEGA was entitled to summary judgment on this issue also.

*Judgment affirmed in part and reversed in part in Case Nos. A01A0505 and A01A0504. Eldridge and Miller, JJ., concur.*

DECIDED JUNE 28, 2001.

*Langley & Lee, Donald W. Lee, Paula K. Jernigan,* for appellant. *Robert B. Smith,* for appellee.