A06A0804, A06A0917. HALE et al. v. SCARBOROUGH; and
vice versa.
(631 SE2d 812)

ANDREWS, Presiding Judge.

In Case No. A06A0804, Talmadge and Milton Hale appeal from the trial court's grant of summary judgment to Terry Scarborough on Talmadge Hale's petition for an injunction claiming Scarborough was trespassing on his land. In Case No. A06A0917, Scarborough appeals from the trial court's order granting the Hales' motion to strike documents attached to affidavits submitted in support of Scarborough's motion for summary judgment; and, Scarborough also appeals from the order granting the Hales' motion to dismiss Scarborough's counterclaims for trespass, nuisance and punitive damages. For reasons that follow, we affirm the judgment in both cases.

This case arose when Talmadge Hale filed a "Complaint for Injunction" against Scarborough. In the complaint, Hale alleged that Scarborough was trespassing on his property and asked the court for an injunction to stop the trespass and also asked the court to set the location of the boundary line between Talmadge Hale's and Scarborough's property. Scarborough filed a motion for summary judgment and submitted evidence that Talmadge Hale no longer owned any land that bordered on Scarborough's property. The trial court granted the motion and this appeal followed.

> On appeal from a grant of summary judgment, this court conducts a de novo review of the evidence viewed in the light most favorable to the nonmovant, to determine whether any question of material fact exists. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

*Hobbs v. Lovelady*, 272 Ga. App. 111, 112 (611 SE2d 661) (2005).

Viewed in the light most favorable to Hale, as nonmovant, the evidence was as follows. In October 1977, Talmadge Hale deeded a lot to his son Milton Hale. Talmadge claims that when he deeded the lot to Milton, he kept a strip of land between the lot deeded to Milton and the Scarborough property. Talmadge Hale stated in his affidavit that

he knew he still owned a wedge of land on the western side of Milton Hale's property because that is where the field road was located that he used to get to the back part of his property. Talmadge Hale acknowledges that the field road in question has been used by Scarborough since 1972 as a driveway to his house. He also acknowledges that both the plat and the deed from Talmadge Hale to Milton Hale show that the lot extends all the way to Scarborough's property and does not show that Talmadge Hale owns any property between Milton Hale's lot and Scarborough's land.

James Smith, hired by Hale to survey the property in question in September 2000, did not show any property belonging to Talmadge Hale in his survey. Smith's survey also showed that the driveway to Scarborough's house was on Scarborough's land. Barry Lord who was hired by Hale to survey the property in question in February 2004, did not complete a survey because he concurred in Smith's September 2000 survey. Tommy Paul and Brian Slate, also hired to survey this property, concurred with Smith's survey.

The trial court granted Scarborough's motion for summary judgment. The court found that the boundary line could be determined from the "four corners of the plaintiffs' deed" and held that the boundary line was that shown on the September 5, 2000 survey done by Smith. The trial court also dismissed Scarborough's counterclaims as untimely. This appeal followed.

### Case No. A06A0804

In this case, Hale argues that the trial court erred in granting summary judgment to Scarborough because a jury issue exists as to the location of the boundary line between the properties. It is important to note that Talmadge Hale's argument was not simply that the boundary line between Milton Hale's property and Scarborough's property was incorrectly shown on the plats and deeds. Talmadge Hale's argument was that the plats and deeds were incorrect because he owned a strip of land between Milton Hale's property and Scarborough's property that the surveys and deeds in question showed as part of Scarborough's land.

As the trial court found, this assertion is unsupported. Hale acknowledges that there are no tax records listing any property owned by him at this location, and that his own deed and plat do not show that he reserved any property when he deeded the lot to his son.

Talmadge Hale said he did not worry when he saw the plat and deed to his son because he "had the deed to my strip on the other side of Milton's lot." Talmadge Hale submitted his original deed from April 1943, and a plat dated November 1908, from a survey done by E. E. Stone. But, Hale has not pointed out, nor do we find, anywhere in the

record or the transcript where he explains how this deed and plat support his claim. He makes no mention of any specific measurements, makes no comparison of the 1908 plat to subsequent plats, and gives no explanation as to how they differ. Indeed, the only evidence in the record is that these documents do not support Hale's contentions. Smith stated that he considered these previous records when doing his survey. Smith's survey found that the boundary line was located where Scarborough claimed it was and did not find that Talmadge Hale had reserved to himself any land between Milton Hale and Scarborough.

"The construction of an unambiguous deed, like the construction of any other contract, is a question for determination by the court. Its meaning and effect is a question of law to be settled by the judge and, since such an instrument necessarily speaks for itself, parol evidence is inadmissible to add to, take from, or vary its terms in any way." (Citations omitted.) *Turk v. Jeffreys-McElrath Mfg. Co.*, 207 Ga. 73, 76 (60 SE2d 166) (1950). "When the trial court can apply statutory rules of construction to the express terms of the deed to reach only one legal meaning, no ambiguity exists." *Kobryn v. McGee*, 232 Ga. App. 754, 756 (503 SE2d 630) (1998). Further, "where the boundary line can be accurately determined from within the four corners of the deed by the proper application of the legal rules of construction, parol evidence cannot be resorted to by a party to vary the boundary. See generally OCGA §§ 13-2-1; 13-2-2 (1)." Id.

Here, the deed from Talmadge Hale to Milton Hale is unambiguous. As Hale acknowledges, it clearly shows that the land he deeded to his son Milton extended to the border of Scarborough's property. Although that is sufficient, the other evidence in the record supports this conclusion and Hale has come forward with no specific evidence to dispute this. Accordingly, the trial court did not err in granting Scarborough's motion for summary judgment on Hale's complaint.

## Case No. A06A0917

In this case, Scarborough cross-appeals from the trial court's order dismissing his counterclaims, finding they were not timely filed. Scarborough also appeals from the order granting Hale's motion to strike the documents attached to the depositions of surveyors Lord, Paul and Slate because the documents were neither sworn nor certified.

1. There was no error in the trial court's dismissal of the counterclaims. The record shows that Talmadge Hale filed his complaint on January 10, 2005. Scarborough answered and raised the defense that Talmadge Hale failed to join Milton Hale as an indispensable

party. Scarborough filed a motion to add Milton Hale as an indispensable party and a consent order was entered on July 15, 2005, adding Milton Hale as a party plaintiff and serving him with all pleadings. It was not until August 25, 2005, that Scarborough filed counterclaims for nuisance, trespass and punitive damages against Milton Hale. Scarborough did not seek leave of court to file the counterclaims.

OCGA § 9-11-13 (e) provides that a counterclaim acquired after the pleader has served his pleading "may, with the permission of the court, be presented as a counterclaim by supplemental pleading." Likewise, OCGA § 9-11-13 (f) provides that "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

Although the Code sections are clear and Scarborough acknowledges that he did not request leave of court to file the counterclaims, Scarborough nevertheless argues on appeal that because the court held a hearing on the amended answer and counterclaims after the motion to dismiss the counterclaims was filed and before entering a restraining order on October 3, 2005, the court must have implicitly considered the claims as properly filed.

However, Scarborough does not give the date of this hearing, there is no transcript of it, and Scarborough points to no evidence in the record to support this claim. See *Rice v. Baker*, 264 Ga. App. 704 (592 SE2d 186) (2003) (burden is on the party alleging error to show it affirmatively by the record and assertions of evidence in briefs or enumerations of error cannot satisfy this burden).

Further, the record shows that a "Rule Nisi" was entered stating that a hearing on the motion to dismiss the counterclaims would be held on October 26, 2005. The transcript of that hearing shows that Scarborough never argued that the court had previously implicitly considered the counterclaims as properly filed. See *Dan J. Sheehan Co. v. Ceramic Technics*, 269 Ga. App. 773, 777 (605 SE2d 375) (2004) (arguments neither raised nor ruled on below cannot be considered on appeal). There is no merit to this enumeration.

2. In light of our holding in Case No. A06A0804, supra, we need not address the issue of the stricken portions of certain affidavits submitted by Scarborough in support of his motion for summary judgment.

*Judgments affirmed. Barnes and Bernes, JJ., concur.*

Decided June 1, 2006 — ▬▬▬▬▬

*Fortson, Bentley & Griffin, Jeffrey W. DeLoach, Barry L. Fitzpatrick*, for appellants.
*Phillip C. Griffeth*, for appellee.