## A09A0749. TAYLOR v. CURL.

(679 SE2d 80)

JOHNSON, Presiding Judge.

On January 28, 2008, DeLacy Curl filed a petition with the Superior Court of Walker County requesting temporary and emergency custody of his two children. The trial court found that the children had "been subjected to and/or threatened with mistreatment or abuse" and granted temporary custody to Curl. The children's mother, Mary Rebecca Taylor, appeals, claiming that the Walker County court lacked both personal and subject matter jurisdiction to issue the temporary order. We disagree and affirm.

First, Curl asserts that Taylor may not appeal the temporary order of the trial court without complying with both the interlocutory appeal procedures of OCGA § 5-6-34 (b) and the discretionary appeal procedures of OCGA § 5-6-35. However, the General Assembly amended OCGA § 5-6-34 in 2007 to provide that all modifications of child custody orders filed on or after January 1, 2008 are directly appealable and are no longer subject to the interlocutory appeal procedures.[1] In addition, we recently held that the General Assembly's amendment to OCGA § 5-6-34 also makes it unnecessary for appellants in child custody cases to comply with the discretionary appeal procedures of OCGA § 5-6-35 (a) (2).[2] As a result, Taylor was not required to comply with either the interlocutory or discretionary appeal procedures in this case.

The record shows that Curl and Taylor divorced in 2003, and the Superior Court of Jackson County granted legal custody of the children to Taylor. Following the divorce, Taylor and the children moved to Florida and Curl moved to Walker County. While Curl presented evidence that Taylor and the children "possibly" had moved back to Jackson County, continuing jurisdiction over the custody of the children did not lie in Walker County regardless of whether Taylor had returned to Jackson County[3] or had remained in Florida.[4]

Georgia's child custody laws limit the ability of a parent to

---

[1] OCGA § 5-6-34 (a) (11).

[2] *Moore v. Moore-McKinney*, 297 Ga. App. 703, 704 (1) (678 SE2d 152) (2009).

[3] See OCGA § 19-9-23 (a) (pursuant to the Georgia Child Custody Interstate Jurisdiction Act, ". . . after a court has determined who is to be the legal custodian of a child, any complaint seeking to obtain a change of legal custody of the child shall be brought as a separate action in the county of residence of the legal custodian of the child").

[4] See OCGA § 19-9-62 (a) (pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, "[e]xcept as otherwise provided in Code Section 19-9-64, a court of this state which has made a child custody determination consistent with Code Section 19-9-61 or 19-9-63 has exclusive, continuing jurisdiction over the determination"); see also *Hatch v. Hatch*, 287 Ga. App. 832, 835 (2) (652 SE2d 874) (2007).

terminate the continuing jurisdiction of the court that made an initial child custody determination. Such limitations serve, in part, to prevent a noncustodial parent from seeking to modify custody determinations in his or her home jurisdiction without regard to where the child and custodial parent have the closest connections.[5] However, one exception to this general rule is found in OCGA § 19-9-64, which provides courts with temporary emergency jurisdiction over child custody cases.

Pursuant to OCGA § 19-9-64 (a), "[a] court of this state has temporary emergency jurisdiction [to make a child custody determination] if the child is present in this state and . . . it is necessary in an emergency to protect the child because the child . . . is subjected to or threatened with mistreatment or abuse." If a previous child custody determination exists, however, the temporary order must specify "a period that the court considers adequate" to allow the person seeking the temporary order to obtain an order from the court maintaining continuing jurisdiction over the custody of the children.[6] Here, although not raised by Taylor in her enumerations of error, the temporary order provides that Taylor "shall have 90 days . . . to obtain an order from other [sic] forum that may have jurisdiction of this case as required by OCGA § 19-9-64 (c)." Given that it was Curl, not Taylor, who had sought the temporary order, it was Curl who was required to obtain an order from the Superior Court of Jackson County following the issuance of the temporary order.

Limiting our holding to arguments raised and ruled upon in the trial court,[7] we find that the Walker County court properly asserted temporary emergency jurisdiction in this case. It was undisputed that the children were visiting their father in Walker County at the time the trial court issued the order, and the trial court found that the children had been subjected to or threatened with mistreatment or abuse. Given that these are the only two requirements to allow a Georgia court to assert temporary emergency jurisdiction over a child custody dispute pursuant to OCGA § 19-9-64, the trial court had the authority to grant temporary custody of the children to Curl.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MAY 19, 2009.

---

[5] See *Gordon v. Gordon*, 185 Ga. App. 100, 103 (363 SE2d 353) (1987) (noting that custodial parent "may have been the victim of some 'home cooking' " by a court of the jurisdiction in which the noncustodial parent resided).

[6] OCGA § 19-9-64 (c).

[7] See, e.g., *Hale v. Scarborough*, 279 Ga. App. 614, 617 (1) (631 SE2d 812) (2006).

*William D. Hentz*, for appellant.
*Jennifer E. Hildebrand, Keith W. Edwards*, for appellee.