### A09A0843. COHEN v. COHEN.
(684 SE2d 94)

DOYLE, Judge.
 Heather Cohen appeals from the denial of her motion to dismiss her husband's complaint for divorce and child custody, challenging the trial court's jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").[1] For the reasons that follow, we affirm.
 The undisputed record shows that Heather and David Cohen were married in June 2005, and Heather gave birth to their son in November 2005. In December 2006, Heather left Georgia with the son and lived with her family in West Virginia, but traveled back to Georgia with her son on various occasions. In April 2008, Heather filed an action for divorce and child custody in West Virginia; in May 2008, David filed an action for divorce and child custody in Georgia. In the West Virginia action, David moved to dismiss, which the trial court granted in July 2008 on jurisdictional grounds after finding that Heather had not established residency in West Virginia and was still a resident of Georgia. In the Georgia action, Heather specially appeared, moving to dismiss for lack of jurisdiction, and the trial court denied the motion in September 2008, citing the West Virginia

---

[1] OCGA § 19-9-40 et seq.

court's lack of jurisdiction. This appeal followed.

1. At the outset, we address whether Heather's appeal, which she made by way of application for interlocutory appeal under OCGA § 5-6-34 (b), was proper. In *Taylor v. Curl*,[2] this court noted that OCGA § 5-6-34 was modified by the General Assembly in 2007 to provide that all "orders in child custody cases" are directly appealable.[3] Also, *Taylor* explained that the amended statute made it "unnecessary for appellants in child custody cases to comply with the discretionary appeal procedures of OCGA § 5-6-35 (a) (2)."[4] Here, because the issue on appeal is jurisdiction over the adjudication of child custody, Heather was not required to comply with either the interlocutory or discretionary appeal procedures in this child custody case, and the denial of her motion to dismiss was directly appealable.[5]

2. We next address the question of whether the trial court erred in concluding that it had jurisdiction over the child custody case. Except for cases involving temporary emergency custody, OCGA § 19-9-61 (a) is the exclusive jurisdictional basis for courts of this state to make initial child custody determinations.[6] That Code section provides as follows:

> [A] court of this state has jurisdiction to make an initial child custody determination only if:
>
> (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
>
> (2) A court of another state does not have jurisdiction under paragraph (1) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Code Section 19-9-67 or 19-9-68 and:
>
> (A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a

---

[2] 298 Ga. App. 45 (679 SE2d 80) (2009).

[3] See id. at 45; OCGA § 5-6-34 (a) (11).

[4] Id. at 45.

[5] See id. at 45. See also *In the Interest of E. W.*, 290 Ga. App. 95, 96 (1) (658 SE2d 854) (2008) (after an appellant files a notice of appeal following the grant of an application for interlocutory appeal, the case "stands in the same procedural posture as a direct appeal from a final judgment").

[6] OCGA § 19-9-61 (a), (b).

significant connection with this state other than mere physical presence; and

(B) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

(3) All courts having jurisdiction under paragraph (1) or (2) of this subsection have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Code Section 19-9-67 or 19-9-68; or

(4) No court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3) of this subsection.[7]

Here, the trial court had jurisdiction under OCGA § 19-9-61 (a) (3). The trial court made specific reference to the West Virginia court's order, which explicitly found that Heather still had a Georgia driver's license, was a registered voter in Georgia, had utility bills in her name coming to her Georgia address, and had student loan and credit card bills in her name coming to her Georgia address. Based on these facts, the West Virginia court concluded that Heather was a resident of Georgia and declined to exercise jurisdiction, noting that a divorce action was pending in Georgia and that the Georgia court had jurisdiction over the divorce action. Although the West Virginia court did not explicitly find that West Virginia was an inconvenient forum (per OCGA § 19-9-67) or that any party had engaged in unjustifiable conduct (per OCGA § 19-9-68) — the two stated bases in OCGA § 19-9-61 (a) (3) for the foreign court's refusal to exercise jurisdiction — we hold that the West Virginia court's unappealed ruling that Heather was still a resident of Georgia and that court's refusal to exercise jurisdiction were of sufficient effect to authorize the Georgia court to make an initial child custody determination under OCGA § 19-9-61 (a) (3).[8]

Implicit in the West Virginia court's finding of lack of jurisdiction was a ruling that Georgia was a more appropriate forum for the action. As West Virginia was the only other court that could have had jurisdiction under OCGA § 19-9-61 (a) (1) or (2), the Georgia court properly exercised jurisdiction in this case.[9] To hold that the Georgia

---

[7] OCGA § 19-9-61 (a).

[8] See, e.g., *In re Craig*, 2007 Ohio App. LEXIS 3494 (2007) (finding that North Carolina was the more appropriate forum than Ohio due in large part to the fact that both parents resided in North Carolina; the parties were granted a divorce in North Carolina; and a custody action was pending in North Carolina).

[9] West Virginia has adopted the UCCJEA. See W. Va. Code § 48-20-101 et seq.

court lacked jurisdiction would potentially deny David any ability to pursue child custody as part of his pending divorce action, if Heather failed to take the necessary steps to establish residency in West Virginia or make that state the home state of the child. Accordingly, we discern no error in the trial court's denial of Heather's motion to dismiss.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

### DECIDED SEPTEMBER 2, 2009.

*Duffy & Feemster, Dwight T. Feemster*, for appellant.
*James C. Metts III*, for appellee.