# Court of Appeals
# of the State of Georgia

ATLANTA,    July 11, 2012

*The Court of Appeals hereby passes the following order:*

**A12I0289.  KELLIE MARIE VAN LEUVAN v. CONNIE CARLISLE.**

Kellie Van Leuvan seeks interlocutory review of the trial court's order granting Connie Carlisle, her adoptive mother, visitation rights to Van Leuvan's minor child, pursuant to the Grandparent Visitation Statute, codified at OCGA § 19-7-3.

Under OCGA § 5-6-34 (a) (11), "[a]ll judgments or orders in child custody cases including, but not limited to, awarding or refusing to change child custody" are directly appealable.   The effect of this broad language is that a party seeking to appeal any order in a child custody case – even a non-final order such as the one at issue here – is no longer required to comply with the interlocutory appeal procedure of OCGA § 5-6-34 (b) or the discretionary appeal procedure of OCGA § 5-6-35 (a) (2).  See *Cohen v. Cohen*, 300 Ga. App. 7, 8 (1) (684 SE2d 94) (2009); *Taylor v. Curl*, 298 Ga. App. 45 (679 SE2d 80) (2009).  Moreover, under Georgia law, "[v]isitation is considered a custody issue." *Daniels v. Barnes*, 289 Ga. App. 897, 899 n. 1 (658 SE2d 472) (2008); see also OCGA § 19-9-41 (4) (defining "child custody proceeding" as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue.").  Consequently, the order that appellant seeks to challenge is directly appealable. See *Cates v. Jamison*, 301 Ga. App. 441, n. 1 (687 SE2d 675) (2009).  See also *Hargett v. Dickey*, 304 Ga. App. 387, 388 (1) (696 SE2d 335) (2010).

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004).  This application for interlocutory appeal is therefore GRANTED.  The

applicant shall have ten days from the date of this order to file a notice of appeal in the superior court. If the applicant has already filed a notice of appeal in the superior court, she need not file a second notice. The clerk of the superior court is directed to include a copy of this order in the record transmitted to this Court.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* 07/11/2012
      *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*



                                        , *Clerk.*