# Court of Appeals
# of the State of Georgia

ATLANTA,   August 16, 2012

*The Court of Appeals hereby passes the following order:*

**A12I0331.  JUANITA BARFIELD v. DANA H. BUTTERWORTH et al.**

Dana Butterworth, the paternal grandmother of H. H., filed a petition in superior court to obtain custody of the child.  After obtaining letters of guardianship in probate court, maternal grandmother Juanita Barfield filed a motion to dismiss the custody action.  The superior court denied the motion, but granted a certificate of immediate review.  Barfield filed this application for interlocutory appeal.

In 2007, the General Assembly amended OCGA § 5-6-34 (a) (11) to provide that "[a]ll judgments or orders in child custody cases including, but not limited to, awarding or refusing to change child custody" are now directly appealable.  Appellate courts have subsequently found that the effect of this broad language is that a party seeking to appeal any order in a child custody case – even a non-final order such as the one at issue here – is no longer required to comply with the interlocutory appeal procedure of OCGA § 5-6-34 (b) or the discretionary appeal procedure of OCGA § 5-6-35 (a) (2).  See, e. g., *Cohen v. Cohen*, 300 Ga. App. 7, 8 (1) (684 SE2d 94) (2009); *Taylor v. Curl*, 298 Ga. App. 45 (679 SE2d 80) (2009); see also *Todd v. Todd*, 287 Ga. 250 (1) (703 SE2d 597) (2010) (quoting *Taylor v. Curl* with approval).  In interlocutory cases, however, we generally have limited this principle to those orders that actually involve custody.  See *Brabant v. Patton*,  Ga. App.  (728 SE2d 244) (2012); *Croft v. Croft*, 298 Ga. App. 303 (680 SE2d 150) (2009); *Taylor*, supra; but see *Cohen*, supra (no interlocutory application for appeal required from denial of motion to dismiss in child custody matter).

We question whether the General Assembly intended for the amendment to OCGA § 5-6-34 (a) (11) to apply to routine and ordinary pre-trial rulings in custody

matters that do not actually implicate custody. Such an interpretation would run counter to appellate courts' long-standing practice of expediting child custody cases in keeping with the best interest of the child. See, e. g., *Shore v. Shore*, 253 Ga. 183 (318 SE2d 57) (1984). And where meaningful appellate review may be had post-trial, we find little rational basis for permitting direct appeals from routine administrative pre-trial orders.

Under these circumstances, we question whether the order Barfield seeks to challenge is directly appealable. If it is directly appealable, the application would be granted as a matter of course. See *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004) ("This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal"). Given this uncertainty, we will exercise our discretion and GRANT this application for interlocutory appeal. Barfield shall have ten days from the date of this order to file a notice of appeal in the superior court. If Barfield has already filed a notice of appeal, she need not file a second notice. The clerk of the superior court is directed to include a copy of this order in the record transmitted to this Court. The parties are further directed to address the jurisdictional issue upon the docketing of the case in this Court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/16/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

, *Clerk.*