# Court of Appeals
# of the State of Georgia

ATLANTA, February 19, 2013

*The Court of Appeals hereby passes the following order:*

**A13I0141. WILLIAM ARTHUR GOLDSTEIN v. RAY ALYSSA ROTHMAN.**

Ray Alyssa Rothman filed a petition for divorce from William Arthur Goldstein on October 21, 2011. The parties have three minor children. On August 30, 2012, the parties attended a court-ordered settlement conference, where they purportedly reached an oral agreement regarding custody of the minor children. When Goldstein refused to sign the custody order, Rothman filed a motion to enforce the mediated agreement. The trial court granted her motion and, in the same order, denied Goldstein's motion for appointment of a guardian ad litem and motion for an independent medical examination. Goldstein seeks interlocutory review of the order.[1]

Under OCGA § 5-6-34 (a) (11), "[a]ll judgments or orders in child custody cases including, but not limited to, awarding or refusing to change child custody" are now directly appealable. The effect of this broad language is that a party seeking to appeal any order in a child custody case – even a non-final order such as the one at issue here – is no longer required to comply with either the interlocutory appeal procedure of OCGA § 5-6-34 (b) or the discretionary appeal procedure of OCGA § 5-6-35 (a) (2). See *Cohen v. Cohen*, 300 Ga. App. 7, 8 (1) (684 SE2d 94) (2009); *Taylor v. Curl*, 298 Ga. App. 45 (679 SE2d 80) (2009). Thus, the order that Goldstein seeks to appeal is directly appealable.

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed

---

[1] This case was originally filed in the Supreme Court, but was transferred to this Court because no final judgment of divorce has been issued.

a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n.1 (602 SE2d 246) (2004). Goldstein's application for interlocutory appeal is therefore GRANTED. He shall have ten days from the date of this order to file a notice of appeal in the superior court. The clerk of the superior court is directed to include a copy of this order in the record transmitted to this Court.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, 02/19/2013
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

 , *Clerk.*