# Court of Appeals
# of the State of Georgia

ATLANTA,  October 11, 2016

*The Court of Appeals hereby passes the following order:*

**A17D0067.  IN THE INTEREST OF: L. A. D., E. A. D., AND A. A. D.
   (MOTHER).**
**A17D0068. IN THE INTEREST OF S. A. D., M. A. D., AND S. P. D.
   (MOTHER).**

On May 2, 2014, L. A. D., E. A. D, and A. A. D. were removed from the custody of their legal father and mother due to physical abuse.  On that same day, S. A. D., M. A. D., and S. P. D., whose mother does not reside in this country, were also removed from the custody of the father for the same reason.  The father's parental rights to all six children were terminated in March of 2015.  On April 19, 2016, the mother of the children captioned in Case No. A17D0067 surrendered her parental rights to the paternal grandparents for purposes of adoption, and she has not revoked her surrender. Similarly, on May 20, 2016, the mother of the children captioned in Case No. A17D0068 surrendered her parental rights to the paternal grandparents for the same purpose, and she, too, has not revoked her surrender.[1]  On August 9, 2016, the juvenile court entered orders in both cases in which it concluded that the paternal grandparents do not pose a viable placement alternative for the children and transferred permanent legal and physical custody of the children to the Walton County Department of Family and Children Services for the purposes of adoption. The mothers filed these applications to challenge the trial court's orders.

Pursuant to OCGA § 5-6-34 (a) (11), "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody" are directly

---

[1] The paternal grandparents have a pending petition for adoption as to all six children.

appealable. A party seeking to challenge a child custody order, therefore, may file a direct appeal. See *Cohen v. Cohen*, 300 Ga. App. 7, 8 (1) (684 SE2d 94) (2009); *Taylor v. Curl*, 298 Ga. App. 45 (679 SE2d 80) (2009). OCGA § 19-9-41 (4) defines a "child custody proceeding" as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue." Because the order in this case established legal custody over the children, the order is directly appealable under OCGA § 5-6-34 (a) (11).

This Court will grant an otherwise timely discretionary application if the lower court's order is directly appealable and the applicant has not already filed a notice of appeal. See OCGA § 5-6-35 (j). Accordingly, these applications are hereby GRANTED. The appellants shall have ten days from the date of this order to file a notice of appeal with the trial court. If, however, they have already filed a notice of appeal, they need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 10/11/2016

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*