# Court of Appeals
# of the State of Georgia

ATLANTA,  February 23, 2021

*The Court of Appeals hereby passes the following order:*

**A21D0202.  IN THE INTEREST OF BABY GIRL, N. (A CHILD)**

The maternal grandparents of Baby Girl N. seek discretionary review of the trial court's order denying their request for permanent custody of Baby Girl N. and awarding permanent custody of Baby Girl N. to her foster parents for purposes of adoption. Pursuant to OCGA § 5-6-34 (a) (11), "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody" are directly appealable. A party seeking to challenge a child custody order, therefore, may file a direct appeal. See *Cohen v. Cohen*, 300 Ga. App. 7, 8 (1) (684 SE2d 94) (2009); *Taylor v. Curl*, 298 Ga. App. 45 (679 SE2d 80) (2009).  OCGA § 19-9-41 (4) defines a  "child custody proceeding" as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue." Because the order in this case established legal custody over Baby Girl N., the order is directly appealable under OCGA § 5-6-34 (a) (11).

This Court will grant an otherwise timely discretionary application if the lower court's order is directly appealable and the applicant has not already filed a notice of appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED. The appellants shall have ten days from the date of this order to file a notice of appeal with the trial court. If, however, they have already filed a notice of appeal, they need

not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
         *Clerk's Office, Atlanta,*  *02/23/2021*

         *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

         *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*  *Stephen E. Castlen*