**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 30, 2012**

# In the Court of Appeals of Georgia

A12A1445. COLLINS v. DAVIS.

RAY, Judge.

In 2007, Brian Lamar Collins filed a petition to legitimate his nine-year-old daughter, and a Walton County Superior Court judge issued final orders regarding child custody and visitation and requiring Collins to pay child support. Approximately four years later, the mother, De Anna Davis, filed a petition for modification of custody, visitation, and child support, as well as a motion for contempt and a demand for attorney fees. Collins counterclaimed, requesting a downward modification of child support. On December 30, 2011, the trial judge issued a final order, establishing a new visitation schedule and ordering a reduction in Collins' child support payment.

Collins filed an application for discretionary review, specifically challenging the court's order with respect to child support, claiming the trial court should have further decreased his child support payment. He does not appeal the new visitation schedule. We granted Collins' application for discretionary review for the sole purpose of determining whether Collins properly applied for discretionary review or whether he was, in fact, entitled to a direct appeal. After a thorough review of the case, we find that Collins was entitled to a direct appeal in this case. However, because Collins' enumerations of error lack merit, we affirm the trial court's order.

1. It is incumbent upon appellate courts to inquire into their own jurisdiction.[1] We, therefore, must address whether Collins' appeal, which he made by way of application for discretionary review under OCGA § 5-6-35, was proper. Two Code sections determine the method for pursuing appeals to this Court: OCGA § 5-6-34, which describes the trial court's judgments and orders that may be appealed directly, and OCGA § 5-6-35, which lists cases in which an application for appeal is required. Prior to 2007, there was no right to a direct appeal in any domestic relations or child custody case, and the present case clearly would have fallen under the ambit of former OCGA § 5-6-35 (a) (2), which provided that applications for discretionary

_____

[1] See *Todd v. Todd*, 287 Ga. 250, 250 (1) (703 SE2d 597) (2010).

review were to be filed from "[a]ppeals from judgments or orders in divorce, alimony, child custody, and other domestic relations cases. . . ."

In 2007, however, the General Assembly amended both OCGA §§ 5-6-34 and 5-6-35, removing all references to child custody cases in OCGA § 5-6-35 (a) (2), and enacting subsection (11) in OCGA § 5-6-34 (a) to provide that direct appeals may be taken from "[a]ll judgments or orders in child custody cases including, but not limited to, awarding or refusing to change child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." Appellate courts have subsequently found that the effect of this broad language is that a party seeking to appeal any order in a child custody case is no longer required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) or OCGA § 5-6-35 (a) (2).[2] These cases, however, dealt with appeals of actual child custody issues and do not address the issue presented in this case.

---

[2] See *Lurry v. McCants*, 302 Ga. App. 184, 184, n.1 (690 SE2d 496) (2010) (direct appeal authorized where appeal stemmed from a petition to modify child custody); *Cohen v. Cohen*, 300 Ga. App. 7, 8 (1) (684 SE2d 94) (2009) (direct appeal authorized where appeal involved whether trial court had jurisdiction in a divorce and child custody case); *Taylor v. Curl*, 298 Ga. App. 45, 45 (679 SE2d 80) (2009) (direct appeal authorized in a case where child custody was the sole issue).

OCGA § 5-6-35 (a) (2), on the other hand, still mandates that "judgments or orders in divorce, alimony, and other domestic relations cases including, but not limited to, granting or refusing a divorce or temporary or permanent alimony or holding or declining to hold persons in contempt of such alimony judgment or orders" require an application for appeal. It is well-established that matters concerning child support fall into the category of "other domestic relations" and, therefore, require an application for discretionary appeal.[3] In fact, we have said before that "[r]egardless how this case was couched or pursued, it involves collection of child support moneys [sic] and it is a domestic relations matter."[4]

Consequently, this case raises the issue of whether the right to a direct appeal in child custody/visitation cases,[5] set forth in OCGA § 5-6-34 (a) (11), applies when

---

[3] See *Booker v. Ga. Dept. of Human Resources*, __ Ga. App. __ (731 SE2d 110) (2012); *Davis v. Welch*, 205 Ga. App. 462, 463 (422 SE2d 323) (1992); *Graves v. Graves*, 186 Ga. App. 140, 142 (3) (366 SE2d 809) (1988). We note that these cases specifically dealt with awards of child support; custody and visitation issues were not raised in the trial courts.

[4] *Davis*, supra at 463.

[5] It is well-settled that an action seeking to change visitation qualifies for treatment as a child custody case and is directly appealable. See *Edge v. Edge*, 290 Ga. 551, 552-553 (1) (722 SE2d 749) (2012); *Moore v. Moore-McKinney*, 297 Ga. App. 703, 705 (1) (678 SE2d 152) (2009).

a party strictly appeals the child support awarded in an order that also involves child custody or visitation. This is not an easy question to answer. In a recent case, this Court granted discretionary review to rule on child support issues that arose from an order providing for the legitimation, custody, and support of a minor child.[6] We did not address whether the case was properly brought as an application or whether it should have been directly appealable. This Court also has held that interlocutory, temporary custody orders are directly appealable, even though the orders are entered in divorce actions.[7] The Supreme Court of Georgia, on the other hand, recently held that an appeal of a divorce judgment or deprivation proceeding in which child custody was an issue must come by way of an application because the child custody issues in those cases are merely ancillary to the divorce action or deprivation proceeding.[8] According to the Supreme Court,

> [b]oth OCGA §§ 5-6-34 (a) and 5-6-35 (a) are involved when, as here, a trial court issues a judgment listed in the direct appeal statute in a case whose subject matter is covered under the discretionary appeal statute. In resolving similar conflicts, this court has ruled that an application for

---

[6] See *Jackson v. Irvin*, __ Ga. App. __ (730 SE2d 48, 49) (2012).

[7] See *Long v. Long*, 303 Ga. App. 215, 217 (1) (692 SE2d 811) (2010); *Croft v. Croft*, 298 Ga. App. 303, 303 n.1 (680 SE2d 150) (2009).

[8] See *Todd*, supra at 251 (1)

5

appeal is required when the "underlying subject matter" is listed in OCGA § 5-6-35 (a). Therefore, the discretionary application procedure must be followed, even when the party is appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5-6-34 (a).[9]

"Were our precedent to hold otherwise, litigants could avoid OCGA § 5-6-35's discretionary application requirements by seeking relief in the trial court that triggers the right to direct appeal, regardless of the underlying subject matter at issue."[10]

In this case, Collins appeals the modified child support award that was rendered in an order that also modified visitation. Both of these modifications stem from a prior legitimation case. If Collins had appealed the modification of visitation portion of the order, there is no doubt that the case would be directly appealable as a child custody proceeding. If the case below simply dealt with child support and not visitation, there is no doubt that Collins would be required to file an application for discretionary review in the domestic relations case. The question remains: Is Collins entitled to directly appeal the child support portion of the trial court's order in this case? We believe he is.

---

[9] (Citation and punctuation omitted.) Id.

[10] (Citation and punctuation omitted.) *Walker v. Estate of Aldine Marcus Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005).

"In resolving this issue, we look to the literal language of the statute[s], the rules of statutory construction and rules of reason and logic, the most important of which is to construe the statute[s] so as to give effect to the legislature's intent."[11] But as our Supreme Court has instructed, the search for legislative intent must begin with the words of the statute, and if those words are clear and unambiguous, the search also must end there.[12] Put another way, when we consider the meaning of a statute, we must presume that the legislature meant what it said and said what it meant.[13] We cannot "substitute by judicial interpretation language of [our] own for the clear, unambiguous language of the statute, so as to change the meaning."*[14]*

---

[11] (Citation and punctuation omitted.) *Moore*, supra at 706 (1).

[12] See *Six Flags Over Ga. II v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003) ("Where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden.") (Citation omitted.); see also *Opensided MRI of Atlanta v. Chandler*, 287 Ga. 406, 407 (696 SE2d 640) (2010) (when the words of a statute are clear and unambiguous, we must give those words their plain meaning).

[13] *Northeast Atlanta Bonding Co. v. State of Ga.*, 308 Ga. App. 573, 577 (1) (707 SE2d 921) (2011).

[14] *Frazier v. Southern R. Co.*, 200 Ga. 590, 593 (2) (37 SE2d 774) (1946). See also *Anthony v. American Gen. Financial Svcs., Inc.*, 287 Ga. 448, 450 (1) (a) (697 SE2d 166) (2010) ("It is not the place of this Court to rewrite statutes . . .").

With these principles in mind, we turn to OCGA § 5-6-34 (11). The clear and unambiguous words of the statute quite plainly permit a direct appeal from "[a]ll judgments or orders in child custody cases" and the legislature has defined a "child custody proceeding" as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue."[15] Accordingly, while the appeal in this case strictly deals with the child support award, this award was rendered in a child custody case and was directly appealable. "We reiterate that the underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal."[16] Collins was entitled to a direct appeal in this case.[17]

---

[15] OCGA § 19-9-41 (4). We note that this statute also declares that the term "child custody proceeding" includes proceedings for divorce, and the Supreme Court, following the mandates of OCGA § 5-6-35 (a) (2), has held that a party appealing a divorce action must file an application for discretionary review, even if it includes a child custody issue, because child custody is ancillary to the divorce proceeding. See *Todd*, supra at 251 (1). We do not have that issue before us today.

[16] *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994).

[17] This Court sympathizes with those who believe that the General Assembly really intended that only the custody or visitation terms in a child custody case should be directly appealable. However, given the wording used by the General Assembly in enacting its 2007 amendments to OCGA § 5-6-34, it is incumbent upon the Legislature to further refine this language if this Code section opened up too broadly those orders and judgments which could be directly appealable.

2. Turning to Collins' actual enumerations of error, we find that they lack merit. The trial court reduced Collins' child support obligation from $920.00 per month to $713.25 per month, but Collins contends that the reduction was not enough and that the trial court made several erroneous factual findings, particularly with respect to the extent of his recent decrease in income and the credibility of his testimony. However, we review any findings based on disputed facts or witness credibility under the clearly erroneous standard,[18] and we review a trial court's decision to modify a child support award for an abuse of discretion.[19] If there is some evidence to support the trial court's decision on whether a substantial change in the parent's income authorizes an upward or downward revision of child support, we will affirm.[20]

Collins has failed to show that the trial court abused its discretion in the present case. Notably, he has not submitted the petition for modification, nor much, if any, documentation pertaining to the original 2007 order the parties sought to modify. Further, he cites no authority in support of his claims that the trial court erred in

---

[18] See *Jackson*, supra at 50 (1).

[19] See *Messaadi v. Messaadi*, 282 Ga. 126, 129 (2) (646 SE2d 230) (2007).

[20] See *Sharpe v. Perkins*, 284 Ga. App. 376, 379 (2) (644 SE2d 178) (2007).

making its findings, thereby emphasizing the fact that such findings were completely within the discretion of the trial court. The trial court specifically noted that Collins' testimony and evidence raised "significant credibility questions as to [his] testimony on his finances," and the record supports this finding. Under these circumstances, Collins has not met his burden of showing that the trial court's findings were clearly erroneous and that its slight downward modification of child support was an abuse of discretion.[21]

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

---

[21] See *Messaadi*, supra at 128 (1) (husband failed to carry his burden of proving error in the trial court's award).