# Court of Appeals
# of the State of Georgia

ATLANTA,   August 07, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0298. MELISSA KAY SMITH v. JOHN BLAKE PEARCE.**

This appeal arises out of a petition to legitimate and obtain custody of a minor child, filed by the child's father, John Blake Pearce, against the child's mother, Melissa Kay Smith. The record shows that on April 5, 2013, the trial court denied the mother's motion to dismiss the petition for lack of personal jurisdiction over her. On May 2, 2013, the mother filed a notice of direct appeal from that order. At the time the mother filed her notice of appeal, this Court had held that OCGA § 5-6-34 (a) (11) allowed a party the right of direct appeal from any order entered in a proceeding in which the legal or physical custody of a child or child visitation was an issue, even if the order itself did not address custody or visitation. See *Collins v. Davis*, 318 Ga. App. 265, 268-269 (1) (733 SE2d 798) (2012). Pursuant to an amendment that became effective on May 6, 2013, however, OCGA § 5-6-34 (a) (11) now explicitly limits the right of direct appeal from an order entered in a child custody to those cases where the order being appealed awards, refuses to change, or modifies child custody or holds or declines to hold a person in contempt for violating a child custody order. In *Murphy v. Murphy*, 322 Ga. App. 829, 830 (747 SE2d 21), decided on July 12, 2013, a panel of this Court held that the amendment to OCGA § 5-6-34 (a) (11) applied retroactively, and dismissed for lack of jurisdiction a direct appeal brought in a child custody case because the order being appealed had denied a motion to recuse the trial judge. Relying on *Murphy*, we originally dismissed this appeal for lack of jurisdiction, based on the mother's failure to follow the procedures required for an interlocutory appeal.

Less than two weeks after we entered our original order of dismissal in this case, the Georgia Supreme Court granted certiorari in *Murphy* to consider the question of whether the 2013 amendment to OCGA § 5-6-34 (a) (11) applies retroactively to appeals "filed before the enactment of the amendment." See *Murphy v. Murphy*, Case No. S13C1651 (order granting certiorari, November 4, 2013). The mother then filed a motion for reconsideration, arguing that on the date she filed her notice of appeal OCGA § 5-6-34 (a) (11) granted her the right of direct appeal from the order at issue. Finding that the question of whether the mother had a right of direct appeal in this case to be unsettled in light of the Georgia Supreme Court's grant of certiorari in *Murphy*, we granted the mother's motion for reconsideration and reinstated the appeal.

On June 30, 2014, the Supreme Court of Georgia affirmed that part of *Murphy* which held that because OCGA § 5-6-34 (a) (11) was a procedural statute, it could be applied retroactively. *Murphy v. Murphy*, ___ Ga. ___ (Case No. S13G1651, decided June 30, 2014). The Supreme Court reversed, however, that part of our decision which held that the amended version of OCGA § 5-6-34 (a) (11) could be applied even to those appeals that had been filed prior to the statute's effective date, noting that "to apply a procedural statute retroactively generally does not mean that it applies with respect to prior filings, proceedings, and occurrence, but rather that the procedural change affects future court filings, proceedings, and judgments that arise from prior occurrences." *Murphy*, ___ Ga. at ___. Thus, an amendment to a procedural statute cannot apply retroactively to those cases that are already in the judicial "pipeline" at the time the amendment goes into effect.[1] Id. at ___.

---

[1] The Georgia Supreme Court distinguished between a statutory or constitutional amendment that affected procedure and a procedural amendment that resulted from "a change in *judicial interpretation* of the Constitutional or statutory law." *Murphy*, ___ Ga. at ___ (emphasis in original.) In the former situation, the amendment does not apply to those cases pending at the time the change in the law becomes effective. With respect to the latter category of cases, however, the "judicial determination presumptively applies retroactively to all cases in the 'pipeline' . . . ." Id.

Despite the fact that the amended version of OCGA § 5-6-34 (a) (11) can apply only to those appeals filed after the amendment's effective date, however, the Georgia Supreme Court affirmed our dismissal of the *Murphy* appeal. In doing so, the Court held that

> even under the prior version of OCGA § 5-6-34 (a) (11), there was no right of direct appeal from the recusal order at issue. In *Edge v. Edge*, 290 Ga. 551 (722 SE2d 749) (2012), this Court plainly stated that such statutory provision was limited to "order[s] in a child custody case regarding which parent has custody regardless of finality." (emphasis supplied.) Clearly, the recusal ruling is not such an order. Consequently, the dismissal of Ms. Murphy's appeal was warranted.

*Murphy*, ___ Ga. at ___.

As noted above, the order at issue in this appeal does not concern child custody. Rather, it concerns only whether the trial court has personal jurisdiction over the mother. Accordingly, because even the former version of OCGA § 5-6-34 (a) (11) allows direct appeals only from "order[s] in a child custody case regarding which parent has custody," id., the mother's failure to follow the interlocutory appeal procedure in this case means that we lack jurisdiction. The appeal, therefore, is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __08/07/2014__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*