# Court of Appeals
# of the State of Georgia

ATLANTA,____June 12, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15D0429. LAQUISH KELLY v. DOUGLAS JONES.

Laquish Kelly filed this application for discretionary appeal from the trial court's order concerning, among other issues, the modification of visitation provisions in a consent order on legitimation and custody originally filed in 2011. Under OCGA § 5-6-34 (a) (11), direct appeals are permitted from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgments or orders." And "[v]isitation is considered a custody issue." *Daniels v. Barnes*, 289 Ga. App. 897, 899 n. 1 (658 SE2d 472) (2008); see also OCGA § 19-9-41 (4) (defining "child custody proceeding" as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is in issue."). Thus, the order that Kelly seeks to appeal is directly appealable. The fact that Kelly wishes to challenge other portions of the trial court's order, including child support, does not alter this conclusion. See *Collins v. Davis*, 318 Ga. App. 265, 266-269 (1) (733 SE2d 798) (2012) (if trial court's order falls within scope of OCGA § 5-6-34 (a) (11), then a direct appeal is authorized regardless of the issue raised on appeal).

We will grant a timely discretionary application if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED. Kelly shall have ten days from the date of this order to file a notice of appeal with the trial court. If, however, she has already filed a notice of appeal, she need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,*_____06/12/2015_____
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*