**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 17, 2015**

# In the Court of Appeals of Georgia

A15A0452. WOODRUFF v. CHOATE.

MILLER, Judge.

Rita Dawn Woodruff filed a petition for modification of child custody and visitation against her ex-husband, William Choate. The trial court dismissed Woodruff's petition and awarded attorney fees to Choate. Woodruff appeals, contending that the trial court erred in (1) dismissing sua sponte her petition and (2) awarding Choate attorney fees and expenses of litigation. For the reasons that follow, we reverse and remand to the trial court.

"We review a trial court's sua sponte order of dismissal de novo." (Citation omitted.) *Haygood v. Head*, 305 Ga. App. 375, 377 (1) (699 SE2d 588) (2010). "In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the

filing party's favor." (Citation omitted.) *Scott v. Scott*, 311 Ga. App. 726, 727 (1) (716 SE2d 809) (2011).

So viewed, Woodruff's complaint alleged that she and Choate, who have a sixteen-year-old child together, divorced in 2002. Under a 2010 consent order, the parties shared joint legal custody; Choate had primary physical custody of the child; and Woodruff, who then lived out of state, was entitled to visitation every other weekend during the school year.

In September 2011, Woodruff purchased a home in Woodstock, near Choate's home. At the beginning of the 2012-2013 school year, Woodruff and Choate, with the help of a parenting coach, agreed to deviate from the 2010 consent order and adopted an informal joint parenting plan, whereby they alternated custody of the child every few days during the school year and every two weeks during the summer. In July 2013, Choate ended the informal parenting plan and the parties reverted to the custody and visitation schedule set forth in the 2010 consent order.

In August 2013, Woodruff filed the instant petition for modification of custody and visitation, alleging changed circumstances and seeking joint legal and physical custody and equal parenting time. Woodruff specifically alleged:

2

> Since the date of the most recent modification action, . . . the circumstances of the parties and the needs of the minor child have changed to the degree that the [2010 consent order] is no longer in the best interest of the child and should be modified accordingly.

Woodruff also requested child support and attorney fees. Choate filed an answer to Woodruff's petition, denying her allegations and requesting attorney fees.

In September 2013, the child signed an election, indicating a preference to live with Choate. At a status conference in January 2014, the trial court ordered the parties and their attorneys to avoid discussing the litigation with the child. Despite the court's order, in February 2014, the child signed a different election, indicating a preference to live with Choate and Woodruff on an equal basis. In March 2014, after reserving the issue of attorney fees and hearing opening arguments, the trial court struck the child's February 2014 election[1] and, without accepting any other evidence from Woodruff, dismissed her petition. In June 2014, Choate sought and the trial court awarded approximately $47,000 in attorney fees and expenses of litigation under OCGA § 9-15-14 and OCGA § 19-9-3. This appeal ensued.

---

[1] See *Sharpe v. Perkins*, 284 Ga. App. 376, 378 (1) (644 SE2d 178) (2007) (election indicating that child wishes to live with both parents is invalid because OCGA § 9-9-3 (a) (5) requires child to choose one parent).

3

1. As an initial matter, Choate argues that Woodruff is barred from seeking review in this Court because she failed to timely appeal from the trial court's March 2014 dismissal of her petition to modify custody and failed to file an application for discretionary review from the trial court's June 2014 order awarding attorney fees under OCGA § 9-15-14 and OCGA § 19-9-3 (g). This Court initially dismissed Woodruff's appeal on those grounds, but we later granted Woodruff's motion for reconsideration, reinstated the appeal, and directed the parties to address the issue of jurisdiction. Woodruff argues that she is entitled to a direct appeal under OCGA § 5-6-34 because the trial court's June 2014 order was a final judgment in a child custody case. After careful consideration, we conclude that we have jurisdiction over this direct appeal.

(a) The Appellate Practice Act "shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case[.]" OCGA § 5-6-30. "The policy of the Appellate Practice Act is against multiple appeals and piecemeal litigation." (Citation omitted.) *Mays v. Rancine-Kinchen*, 291 Ga. 283, 283-284 (729 SE2d 321) (2012).

"Two Code sections determine the method for pursuing appeals to this Court: OCGA § 5-6-34, which describes the trial court's judgments and orders that may be

appealed directly, and OCGA § 5-6-35, which lists cases in which an application for appeal is required." *Collins v. Davis*, 318 Ga. App. 265, 266 (1) (733 SE2d 798) (2012).

Pursuant to OCGA § 5-6-34 (a) (1), "[d]irect appeals are generally authorized from lower court orders that are final, meaning that there are no issues remaining to be resolved in the lower court." *Mays*, supra, 291 Ga. at 284. Here, in its March 2014 order, the trial court specifically reserved the issue of attorney fees. In its June 2014, the trial court awarded Choate attorney fees under OCGA § 9-15-14 and OCGA § 19-9-3. Thus, contrary to Choate's assertion, the trial court's March 2014 order was not a final judgment because it did not adjudicate all the pending claims.[2] See *Miller v. Miller*, 288 Ga. 274, 282 (4) (705 SE2d 839) (2010) (holding that there was no final judgment in a divorce action until the reserved issue of attorney fees was resolved). Moreover, the March 2014 order did not terminate the custody action, and the trial court's custody order was subject to revision at any time before the entry of final

---

[2] The trial court's March child custody order was directly appealable pursuant to OCGA § 5-6-34 (a) (11), even though it was not a final judgment in the case. See *Taylor v. Curl*, 298 Ga. App. 45 (679 SE2d 80) (2009).

judgment.[3] OCGA § 9-11-54 (b). Rather, the June 2014 order, which awarded attorney fees under not only OCGA § 9-15-14 but also OCGA § 19-9-3, disposed of all the claims in this case, and thus was the final judgment. Accordingly, the June 2014 order was subject to direct appeal under OCGA § 5-6-34 (a) (1).

(b) We must also consider, however, whether an application is nonetheless required based on the "underlying subject matter" at issue. See *Todd v. Todd*, 287 Ga. 250, 251 (1) (703 SE2d 597) (2010). Here, the underlying subject matter is Woodruff's petition for modification of custody.

Both of our jurisdictional statutes, OCGA § 5-6-34 and OCGA § 5-6-35, have been substantially amended in recent years and those amendments bear directly on this issue. Prior to 2007, child custody cases were explicitly identified as domestic relations cases for appellate purposes and a party was required to file an application for discretionary review. See *Collins*, supra, 318 Ga. App. at 266 (1) ("Prior to 2007, there was no right to a direct appeal in any domestic relations or child custody case[;] former OCGA § 5-6-35 (a) (2) . . . provided that applications for discretionary review

---

[3] The mere designation by the trial court of its March 2014 order as a "Final Order" is not controlling and does not equate to an express determination that there was no just reason for delay and an express direction for the entry of final judgment under OCGA § 9-11-54 (b). See *Sotter v. Stephens*, 291 Ga. 79, 82-83 (727 SE2d 484) (2012).

were to be filed from appeals from judgments or orders in divorce, alimony, child custody, and other domestic relations cases.") (punctuation omitted).

The 2007 amendment to OCGA § 5-6-34 (a) (11) stated that parties could file direct appeals from all judgments and orders in child custody cases and the 2007 amendment to OCGA § 5-6-35 (a) (2) removed child custody cases from the list of cases that required an application for discretionary review. See Ga. L. 2007, p. 554, § 2; Ga. L. 2007, p. 555, § 3 (requiring applications for discretionary review in "[a]ppeals from judgments or orders in divorce, alimony, and other domestic relations cases"). With the 2007 amendments, "the legislature intended for child custody cases to be treated differently from other domestic relations cases for purposes of appeals" and intended that such cases no longer be subject to discretionary review. *Moore v. Moore-McKinney*, 297 Ga. App. 703, 707 (1) (678 SE2d 152) (2009). Accordingly, following enactment of the 2007 amendments, appellants were no longer required to file applications for discretionary review to appeal any judgment or order in a child custody case.

In 2013, the legislature again amended OCGA § 5-6-34 (a) (11), thereby clarifying that this subdivision extended a right of direct appeal only to "judgments or orders in child custody cases *awarding, refusing to change, or modifying child*

7

*custody or holding or declining to hold persons in contempt of such child custody judgment or orders*[.]" (Emphasis supplied.) *Murphy v. Murphy*, 295 Ga. 376, 377 (761 SE2d 53) (2014); see also Ga. L. 2013, p. 736, § 1. Although the 2013 amendment limited the scope of OCGA § 5-6-34 (a) (11) to those orders — such as the trial court's March 2014 order — that changed or refused to change child custody, the legislature did not amend OCGA § 5-6-35 (a) (2).[4] Rather, the current version of OCGA § 5-6-35 (a) (2), which requires applications for discretionary review in domestic relations cases and explicitly includes divorce and alimony cases in that designation, is silent as to child custody cases.

The legislature is presumed to know that, based on its 2007 amendments to OCGA § 5-6-35 (a) (2) and our decision in *Moore v. Moore-McKinney*, supra, 297 Ga. App. at 707 (1), child custody cases are no longer considered domestic relations cases for purposes of discretionary appellate review and, thus, final judgments in child custody cases are thereby subject to direct review. See *Avnet v. Wyle Laboratories*, 263 Ga. 615, 619-620 (2) (437 SE2d 302) (1993) ("All statutes are

---

[4] The fact that Woodruff was also entitled to a direct appeal of the trial court's March 2014 child custody order pursuant to OCGA § 5-6-34 (a) (11) does not necessarily limit or alter her right to directly appeal the June 2014 order under OCGA § 5-6-34 (a) (1).

8

presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection with and in harmony with the existing law, their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts.") (citation and punctuation omitted). Accordingly, final judgments in child custody cases, such as the trial court's June 2014 order in this case, are directly appealable under the current statutory scheme.

Choate argues that Woodruff's appeal of attorney fees awarded pursuant to OCGA § 9-15-14 is governed by OCGA § 5-6-35 (a) (10), which requires a party to follow the discretionary appeals procedure to obtain review of an OCGA § 9-15-14 award. Since Woodruff's appeal is properly before this Court as a direct appeal of a final judgment under OCGA § 5-6-34 (a) (1), however, she was not required to also file a discretionary application to challenge the award of attorney fees under OCGA § 9-15-14. See *Mitcham v. Blalock*, 268 Ga. 644, 646-647 (4) (491 SE2d 782) (1997) (no application required when appeal of attorney fees under OCGA § 9-15-14 is part of a judgment that is otherwise directly appealable); see also OCGA § 5-6-34 (d).

9

Since she is properly before this Court on the child custody issue, we can also address the attorney fees issue.

2. Woodruff contends that the trial court erred in dismissing her petition to modify custody and visitation. We agree.

(a) A trial court should only dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if:

> (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the [opposing party] establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citation omitted.) *Scott*, supra, 311 Ga. App. at 727 (1).

In dismissing Woodruff's complaint for failure to state a claim, the trial court found that Woodruff had failed in her petition to offer details of the alleged change in circumstances, and had not claimed a change in material conditions or circumstances.[5] Contrary to the trial court's order,

---

[5] Confusingly, the trial court's order both denies *and* dismisses Woodruff's petition. A review of the hearing transcript and order, however, shows that the trial court dismissed Woodruff's petition for failure to state a claim upon which relief

10

it is no longer necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

(Citations and punctuation omitted.) *Scott*, supra, 311 Ga. App. at 729 (1). Woodruff alleged in her petition that "the circumstances of the parties and the needs of the minor child have changed to the degree that the [2010 consent order] is no longer in the best interest of the child." Accordingly, the allegations in Woodruff's petition are sufficient to state a complaint for modification of custody. See id.; see also *Carley v. Lewis*, 221 Ga. App. 540, 542 (472 SEd2d 109) (1996) (allegations in petition to change custody need only be sufficient to give respondent fair notice of petitioner's claim).

(b) Moreover, the trial court also found that Woodruff had alleged no change of circumstances since September 2014, when the child signed an election indicating a preference to live with Choate. In dismissing Woodruff's petition based on the child's September 2014 election, the trial court considered a matter outside the pleadings, thereby converting its dismissal order into one for summary judgment. See

could be granted.

11

*Aycock v. Calk*, 222 Ga. App. 763 (476 SE2d 274) (1993); see also *Cox Enterprises, Inc. v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000).

> Although our law concerning motions for summary judgment allows a trial court to grant, sua sponte, a summary judgment, a trial court's authority to do so is not unlimited. The grant of summary judgment must be proper in all other respects. This means that in addition to ensuring the record supports such a judgment, *the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment.*

(Citations and punctuation omitted; emphasis supplied.) *Aycock*, supra, 222 Ga. App. at 763-764. The party opposing summary judgment may, if she so desires, have 30 days notice in which to submit evidence in response. See *Cox Enterprises*, supra, 273 Ga. at 153.

Pursuant to OCGA § 19-9-3 (a) (5), "In all custody cases in which the child has reached the age of 14 years, the child shall have the right to select the parent with whom he or she desires to live." Although the child's election is presumptive, it is not conclusive and the trial court must still consider the child's best interest. See *Driver v. Sene*, 327 Ga. App. 275, 277 (1) (758 SE2d 613) (2014); OCGA § 19-9-3 (a) (5) ("The child's selection for purposes of custody shall be presumptive unless the parent so selected is determined not to be in the best interests of the child.")

12

The relevant time period to consider in deciding whether to grant Woodruff's petition for modification based on a change of condition, however, is whether "there has been a material change of condition affecting the welfare of the child *since the last custody award*." (Citation omitted; emphasis supplied.) *Viskup v. Viskup*, 291 Ga. 103, 105 (2) (727 SE2d 97) (2012). At the hearing, Woodruff stated, during opening argument, that the evidence would show that the parties had deviated from the 2010 consent order for a year to engage in equal parenting time and that the equal parenting time worked well and was in the child's best interest. The trial court did not allow Woodruff to submit any evidence in support of her argument prior to dismissing her complaint.

Since Woodruff's petition was sufficient to state a claim, and the trial court considered evidence outside of the pleadings but did not permit Woodruff an opportunity to respond, the trial court erred in dismissing Woodruff's complaint. We reverse the trial court's order and remand for further proceedings consistent with this opinion.

3. Woodruff contends that the trial court erred in awarding Choate approximately $47,000 in attorney fees and expenses of litigation under OCGA § 9-15-14 (a) and (b) and OCGA § 19-9-3 (g). We agree.

13

OCGA § 9-15-14 (a) authorizes a trial court to award attorney fees when a party asserts a position "with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted" position. OCGA § 9-15-14 (b) authorizes a trial court to award attorney fees when a party has brought an action that "lacked substantial justification." OCGA § 19-9-3 (g) authorizes the trial court to "order reasonable attorney's fees and expenses of litigation, experts, and the child's guardian ad litem and other costs of the child custody action and pretrial proceedings to be paid by the parties in proportions and at times determined by the judge."

Although the trial court found that Woodruff failed to demonstrate that the circumstances had changed and contravened the trial court's order by discussing the case with the child, it did not allocate the fee award between the statutes. Since, as set forth above, the trial court erred in dismissing Woodruff's petition for modification and failed to give Woodruff an opportunity to respond to Choate's evidence, we vacate the award of attorney fees and remand for reconsideration in light of this opinion.

*Judgment reversed and case remanded. Andrews, P. J., and Branch, J., concur.*

14