**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 29, 2021**

# In the Court of Appeals of Georgia

A21A1079. BARNES v. BARNES.

DOYLE, Presiding Judge.

Cameisha A. Barnes ("the mother") appeals from the trial court's order enforcing a settlement agreement with Jamar D. Barnes ("the father") in his petition to modify custody, parenting time, and child support provisions in the parties' existing divorce decree. Because the mother failed to follow the proper procedure for seeking appellate review, this direct appeal must be dismissed.

The record shows that the parties were divorced in 2014 in the Superior Court of Gwinnett County. The final divorce decree incorporated a settlement agreement, parenting plan, child support addendum, and child support worksheet. On May 23, 2018, the father filed a petition for modification of child support and custody. Following negotiations between the parties, and attendance at a pretrial conference

on the morning of trial, the father moved to enforce a purported settlement agreement and for attorney fees and expenses of litigation pursuant to both OCGA §§ 9-15-14 (a)-(b) and 19-6-2. After considering the motion, the mother's response thereto, and the evidence of record, the trial court entered an order granting the father's motion to enforce the settlement agreement, finding that the parties had reached a settlement at the pretrial conference; the court specifically reserved ruling on the parties' respective requests for attorney fees. The mother filed this direct appeal of that order.

> It is incumbent upon this Court to inquire into its own jurisdiction. As a general rule, a direct appeal requires that the judgment or order appealed be final, which means the case is no longer pending in the court below. When a direct appeal is filed from a non-final order, we generally lack jurisdiction to consider the appeal. . . . The law, however, permits a direct appeal from certain non-final orders.[1]

Although appeals from orders in domestic relations cases generally require a discretionary application,[2] "[a] direct appeal is proper under OCGA § 5-6-34 (a) (11)

---

[1] (Citations and punctuation omitted.) *Nance v. Houston County School Dist.*, 359 Ga. App. 204, 205 (857 SE2d 97) (2021). See OCGA § 5-6-34 (a) (1) (providing that direct appeals are authorized from "all final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35").

[2] See OCGA § 5-6-35 (a) (2).

from all judgments or orders 'in child custody cases' that award, refuse to change, or modify child custody, or orders that hold or decline to hold persons in contempt of child custody orders."[3] But the Supreme Court of Georgia has clarified that

> even if the appeal arises from the type of order specified in OCGA § 5-6-34 (a) (11) and that order was entered in a "child custody" case, this Court has also looked to the issue raised on appeal in determining whether a party was entitled to a direct appeal. . . . This means that the proper appellate procedure to employ depends upon the issue involved in the appeal, even if the order or judgment being challenged on appeal was of the type listed in OCGA § 5-6-34 (a) (11) and was entered in a child custody case.[4]

Here, the mother does not directly challenge the trial court's substantive ruling on custody. Instead, she appeals from the trial court's ruling enforcing a settlement agreement. Thus, the issue on appeal is whether the trial court correctly found that the parties entered into an enforceable agreement, as opposed to whether the substantive portions of that agreement addressing custody are proper. Because "custody is

---

[3] *Voyles v. Voyles*, 301 Ga. 44, 45 (799 SE2d 160) (2017).

[4] Id. at 46-47.

3

therefore not an issue on appeal in this domestic relations case under OCGA § 5-6-35

(a) (2)," it is not subject to a direct appeal pursuant to OCGA § 5-6-34 (11).[5]

The trial court specifically reserved ruling on the parties' motions for attorney

fees, and it did not limit its consideration to only OCGA § 9-15-14. Accordingly, the

appealed order "was not a final judgment."[6] "To obtain appellate review of this

interlocutory order, therefore, [the mother] was required to follow the procedures set

---

[5] Id. (dismissing an appeal of an order denying a motion to set aside a trial court's order finding the former husband in contempt and granting his former wife's petition to modify the parties' parenting plan because inadequate notice of a hearing (and not child custody) was the issue on appeal and the husband failed to follow the discretionary application procedures set forth in OCGA § 5-6-35). See also *Capehart v. Mitchell*, 358 Ga. App. 86, 88 (2) (851 SE2d 846) (2020) (holding that because an appeal from an order setting aside a final child custody modification order "does not directly challenge a substantive ruling regarding child custody[], . . . under the rule discussed in *Voyles*, this case is not subject to direct appeal under OCGA § 5-6-34 (a) (11)").

[6] *Woodruff v. Choate*, 334 Ga. App. 574, 576 (1) (a) (780 SE2d 25) (2015) (holding that an order reserving the issue of attorney fees "was not a final judgment because it did not adjudicate all the pending claims"), citing *Miller v. Miller*, 288 Ga. 274, 282 (4) (705 SE2d 839) (2010) (holding that because the trial court expressly reserved the issue of attorney fees in an order, the order was not a final judgment). Compare *CitiFinancial Svcs., Inc. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011) (pending claim for attorney fees renders appeal interlocutory), with *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002) (reservation of OCGA § 9-15-14 attorney fees issue does not extend time for filing notice of appeal).

4

forth in OCGA § 5-6-34 (b). Because [she] did not do so, we dismiss this appeal for lack of appellate jurisdiction."[7]

*Appeal dismissed. Reese and Brown, JJ., concur.*

---

[7] *Capehart*, 358 Ga. App. at 88 (2).