# Court of Appeals
# of the State of Georgia

ATLANTA,  April 18, 2022

*The Court of Appeals hereby passes the following order:*

**A22D0298. JESSE REID HORNE v. KATHERINE ROYCE HORNE.**

In this domestic relations proceeding, Katherine Royce Horne ("wife") filed a petition for citation of contempt and modification of child support, in which she also sought attorney fees under OCGA § 19-6-2, OCGA § 19-6-15, OCGA § 19-9-3 (g), and OCGA § 9-15-14. The trial court entered an order finding Jesse Reid Horne ("husband") in contempt of many of his financial and other obligations, modifying the terms of his child support obligations, ordering him to make various other payments, ruling that attorney fees were warranted, and ordering the wife's attorney to provide the court an affidavit of the wife's fees and expenses incurred during the action. The husband has filed an application for discretionary appeal from the court's order. The wife has filed a motion to dismiss the application, arguing that we lack jurisdiction. We agree.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995); see also OCGA § 5-6-34 (a) (1). Here, the superior court specifically reserved the determination of the amount of attorney fees to be assessed against the husband, which leaves the case pending below. See *CitiFinancial Svcs., Inc. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011); *Miller v. Miller*, 288 Ga. 274, 282 (4) (705 SE2d 839) (2010) (holding that there was no final judgment in a divorce action until the reserved issue of attorney fees was resolved); *Woodruff v. Choate*, 334 Ga. App. 574, 576 (1) (a) (780 SE2d 25) (2015) (noting that an order reserving the issue of attorney fees under

OCGA § 9-15-14 and OCGA § 19-9-3 was not a final judgment because it did not adjudicate all the pending claims). In order to appeal such an order, the husband was required to comply with the interlocutory appeal procedure and obtain a certificate of immediate review. OCGA § 5-6-34 (b). Although this is a domestic relations case, "[t]he discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b)." *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). The husband's failure to follow the proper appellate procedure deprives us of jurisdiction to consider his application. See id. Accordingly, the wife's motion to dismiss the application is GRANTED, and the application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,__04/18/2022_____*
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*