# Court of Appeals
# of the State of Georgia

ATLANTA, January 25, 2023

*The Court of Appeals hereby passes the following order:*

**A22A1638. CAMEISHA A. BARNES v. JAMAR D. BARNES.**

In the second appearance of this domestic relations case before this Court, Cameisha A. Barnes ("the mother") appeals from the trial court's award of attorney fees to Jamar D. Barnes ("the father") pursuant to OCGA § 9-15-14 (b) and § 19-9-3 (g). Because the mother failed to follow the proper procedure for seeking appellate review, this direct appeal must be dismissed.

## First Appeal

The parties divorced in 2014. The final divorce decree incorporated a settlement agreement and parenting plan, child support addendum, and child support worksheet. In May 2018, the father filed a petition for modification of child support and custody. Following attendance at a pretrial conference on October 14, 2020, and negotiations between the parties through the morning of October 19, 2020, the day the case was scheduled for a bench trial, the father moved to enforce a purported settlement agreement and for attorney fees. The trial court entered an order granting the father's motion to enforce the settlement agreement, finding that the parties had reached a settlement, but reserving ruling on the request for attorney fees. The mother then filed a direct appeal of that order.

This Court dismissed the mother's appeal on two grounds based on the posture of the case at that time. *Barnes v. Barnes*, 361 Ga. App. 279 (864 SE2d 119) (2021). First, this Court explained that the appealed order was not a final judgment, and therefore the mother was required to comply with the interlocutory appeal procedures. Id. at 281. Second, this Court explained that:

Although appeals from orders in domestic relations cases generally require a discretionary application, a direct appeal is proper under OCGA § 5-6-34 (a) (11) from all judgments or orders "in child custody cases" that award, refuse to change, or modify child custody, or orders

that hold or decline to hold persons in contempt of child custody orders. But the Supreme Court of Georgia has clarified that "even if the appeal arises from the type of order specified in OCGA § 5-6-34 (a) (11) and that order was entered in a child custody case, this Court has also looked to the issue raised on appeal in determining whether a party was entitled to a direct appeal. This means that the proper appellate procedure to employ depends upon the issue involved in the appeal, even if the order or judgment being challenged on appeal was of the type listed in OCGA § 5-6-34 (a) (11) and was entered in a child custody case. Here, the mother does not directly challenge the trial court's substantive ruling on custody. Instead, she appeals from the trial court's ruling enforcing a settlement agreement. Thus, the issue on appeal is whether the trial court correctly found that the parties entered into an enforceable agreement, as opposed to whether the substantive portions of that agreement addressing custody are proper. Because custody is therefore not an issue on appeal in this domestic relations case under OCGA § 5-6-35 (a) (2), it is not subject to a direct appeal pursuant to OCGA § 5-6-34 (a) (11).

(Citations and punctuation omitted.) Id. at 280-281.

*Second Appeal*

Following the return of this case to the trial court, the trial court entered an order granting the father's request for attorney fees under OCGA §§ 9-15-14 and 19-9-3. The mother then filed another notice of appeal in the case that is now before us.

As with her first appeal, the mother's instant appeal of the award of attorney fees to the father and the underlying order granting the father's motion to enforce the settlement agreement does not directly challenge the trial court's substantive ruling on custody. Instead, she only claims that the trial court erred in (1) granting the father's motion to enforce settlement agreement, and (2) awarding the father attorney fees under OCGA §§ 9-15-14 and 19-9-3. Because custody is therefore not an issue on appeal in this domestic relations case under OCGA § 5-6-35 (a) (2), it is subject to the discretionary appeal application procedures and cannot be directly appealed pursuant to OCGA § 5-6-34 (a) (11). See *Voyles v. Voyles*, 301 Ga. 44, 45-47 (799 SE2d 160) (2017); *Capehart v. Mitchell*, 358 Ga. App. 86, 88 (2) (851 SE2d 846) (2020). The mother's failure to file a discretionary application deprives this Court of

jurisdiction over this appeal, and it is accordingly DISMISSED.[1]



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*   01/25/2023

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

        *Stephen E. Castlen*

_____ *, Clerk.*

---

[1] In so holding, we recognize that an award of attorney fees under OCGA § 19-9-3 is not specifically listed as one requiring a discretionary appeal, unlike an award under OCGA § 9-15-14. See OCGA § 5-6-35 (a) (10). However, the fact that the trial court's award of attorney fees under OCGA § 19-9-3 is not expressly listed as one requiring a discretionary application to appeal does not alter the fact that a different provision applies to require an application for a discretionary appeal in this case. See OCGA § 5-6-35 (a) (2) ("Appeals from judgments or orders in divorce, alimony, and other domestic relations cases."). For the same reason, the entry of a final judgment has no impact on the conclusion that this case is subject to the discretionary appeal procedures because no challenge has been made to a child custody ruling and the orders at issue were made in a domestic relations case. Our opinion in *Woodruff v. Choate*, 334 Ga. App. 574 (780 SE2d 25) (2015), cited by the appellant in her notice of appeal, is distinguishable because the fee award in that case was made in a directly appealable case challenging the trial court's substantive ruling on child custody.