# Court of Appeals
# of the State of Georgia

ATLANTA,  May 09, 2023

*The Court of Appeals hereby passes the following order:*

## A23A1150. GREGORY N. CRAWFORD v. AUBREY LEE SMITH.

In March 2022, the trial court entered its "final order" on custody and other issues in this case filed by Gregory N. Crawford. Aubrey Lee Smith filed a motion for attorney fees pursuant to OCGA § 19-9-3 (g). Crawford then filed a motion for new trial. In July 2022, the trial court ordered Crawford to pay $47,656.00 in attorney fees. In October 2022, Smith then moved for attorney fees under OCGA § 9-15-14 and additional fees under OCGA § 19-9-3 (g). The trial court denied Crawford's motion for new trial on December 2, 2022, and stated that the issue of attorney fees was reserved and would be addressed in a separate order. Also on December 2, the trial court entered an order granting Smith additional attorney fees under OCGA § 19-9-3 (g) and giving Smith 10 days to submit her attorney fees and costs. Crawford then filed a notice of appeal on January 3, 2023, without the trial court entering a final award of attorney fees under OCGA § 19-9-3 (g). We, however, lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995); see also OCGA § 5-6-34 (a) (1). Here, the trial court specifically reserved the determination of the amount of attorney fees to be assessed against Crawford, which leaves the case pending below. See *CitiFinancial Svcs., Inc. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011); *Miller v. Miller*, 288 Ga. 274, 282 (4) (705 SE2d 839) (2010) (holding that there was no final judgment in a divorce action until the reserved issue of attorney fees was resolved); *Woodruff v. Choate*, 334 Ga. App. 574, 576 (1) (a) (780 SE2d 25)

(2015) (noting that an order reserving the issue of attorney fees under OCGA § 9-15-14 and OCGA § 19-9-3 was not a final judgment because it did not adjudicate all the pending claims). In order to appeal such an order, Crawford was required to comply with the interlocutory appeal procedure and obtain a certificate of immediate review. OCGA § 5-6-34 (b). Crawford's failure to follow the proper appellate procedure deprives us of jurisdiction to consider his appeal. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/09/2023

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

, *Clerk.*