# Court of Appeals
# of the State of Georgia

ATLANTA, August 01, 2023

*The Court of Appeals hereby passes the following order:*

## A23D0382. BONNIE PORTER et al. v. CLARENCE BUTLER.

Bonnie Porter filed a civil lawsuit against Clarence Butler. On December 28, 2022, the superior court entered an order granting summary judgment to Butler, specifically reserving the issue of attorney fees. On the same date, the court also entered an order denying Porter's motion to set aside a magistrate court dispossessory judgment. On January 27, 2023, Porter filed a motion for new trial in connection with those rulings. The motion for new trial is still pending. On May 12, 2023, Porter filed this application for discretionary appeal, seeking to challenge various judgments, including the "upcoming" judgment denying her motion to set aside summary judgment and judgment for attorney fees, and other orders denying her previous motions.[1] We however, lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). Here, the superior court expressly reserved its ruling on Butler's request for attorney fees pursuant to OCGA § 9-15-14; it has not entered a written ruling on that request. Accordingly, the order is not final. See *Woodruff v. Choate*, 334 Ga. App. 574, 576 (1) (a) (780 SE2d 25) (2015). In addition, the court has not ruled on Porter's motion for new trial.

---

[1] Porter filed her pro se documents in the Supreme Court of Georgia, which transferred the case as an application for discretionary appeal to this Court upon finding it did not have jurisdiction. See Case No. S23D0935 (May 31, 2023).

Because there is no final judgment and the case remains pending below, Porter was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – in order to obtain appellate review of the trial court's order. See OCGA § 5-6-34 (a) (1), (b); *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 161 (701 SE2d 599) (2010). Accordingly, Porter's failure to comply with the interlocutory appeals procedure deprives this Court of jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,__08/01/2023_____*
      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*