# Court of Appeals
# of the State of Georgia

ATLANTA,  July 02, 2024

*The Court of Appeals hereby passes the following order:*

## A24I0238. JENNIFER WARNER v. JEFFREY ESPITIA et al.

Jennifer Warner brought this civil RICO[1] action against her ex-husband and his fiancé,  alleging that they made false statements in connection with a child support proceeding. Warner also sought punitive damages and attorney fees. The defendants filed an answer and counterclaim, followed by a motion to dismiss the complaint. The trial court granted the motion to dismiss, finding that Warner "fails to have any claim upon which relief can be granted," and it declined to award attorney fees. In its order, the court explicitly stated that it considered exhibits attached to Warner's response to the motion to dismiss. At Warner's request, the court certified its order for immediate review, and this timely application followed.

Based on the application materials, it appears that the trial court's order may be a final order disposing of all claims in the case. Under OCGA § 5-6-34 (a) (1), "[d]irect appeals are generally authorized from lower court orders that are final, meaning that there are no issues remaining to be resolved in the lower court." *Woodruff v. Choate*, 334 Ga. App. 574, 576 (1) (a) (780 SE2d 25) (2015) (punctuation omitted). Even if there are issues remaining below, "[t]he trial court, by considering matters outside of the pleadings that were presented by the parties, in effect converted the motion to dismiss to a motion for summary judgment." *Johnson v. RLI Ins. Co.*, 288 Ga. 309, 310 (704 SE2d 173) (2010). Accordingly, the trial court's order should

---

[1] Racketeer Influenced and Corrupt Organizations Act, OCGA §§ 16-14-1 et seq.

be treated as an order granting summary judgment, giving Warner a right of direct appeal under OCGA § 9-11-56 (h).

This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicant has not otherwise filed a notice of appeal. *Spivey v. Hembree*, 268 Ga. App. 485, 486, n. 1 (602 SE2d 246) (2004). Accordingly, Warner's application is hereby GRANTED. She shall have ten days from the date of this order to file a notice of appeal in the trial court. See OCGA § 5-6-34 (b). If Warner already has filed a notice of appeal in the trial court, she need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the appellate record.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/02/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*