# Court of Appeals
# of the State of Georgia

ATLANTA, June 03, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2101. MICHAEL STEPHEN SZILAGYI v. MARIA ADRIANA MARTINEZ VARGAS.

In this child custody action, Michael Szilagyi and Maria Vargas mediated their dispute and agreed to a final parenting plan. On March 4, 2026, the superior court entered a consent order, which reserved the issue of attorney fees. On April 21, 2026, the superior court entered an order awarding Vargas $8,772.00 in OCGA § 9-15-14 attorney fees, and Szilagyi filed this notice of appeal on April 28, 2026. We lack jurisdiction.

As a general rule, a final order reserving the issue of attorney fees is non-final for purposes of invoking this Court's jurisdiction.[1] *Woodruff v. Choate*, 334 Ga. App. 574, 576(1)(a) (780 SE2d 25) (2015). The case becomes final upon entry of the order disposing of the attorney fee issue. See id. Applying this rule, it would seem that Szilagyi properly filed his notice of appeal within 30 days of the trial court's attorney fee order.

Here, however, because the underlying custody dispute was resolved by a consent order, Szilagyi waived his appellate rights with regard to the March 4 order. See *Hurt v. Norwest Mtg., Inc.*, 260 Ga. App. 651, 656(1)(c) (580 SE2d 580) (2003) ("[N]o litigant will be heard to complain of an order or judgment of the court which

---

[1] Because OCGA § 9-15-14 attorney fees are awarded post-judgment, the reservation of OCGA § 9-15-14 attorney fees does not render an order interlocutory. *Miller v. Miller*, 356 Ga. App. 142, 144-45(1) (846 SE2d 429) (2020). Here, however, Vargas sought attorney fees under both OCGA § 9-15-14 and OCGA § 19-9-3.

she procures or assists in procuring, unless it be made plainly to appear that the consent of the party seeking to complain was obtained by fraud or mistake.") (punctuation omitted). Thus, the sole order on appeal is the trial court's April 21 order awarding OCGA § 9-15-14 attorney fees.

An appeal from a trial court order awarding attorney fees under OCGA § 9-15-14 must be initiated by filing an application for discretionary review. OCGA § 5-6-35(a)(10), (b); *Low v. Swift*, 367 Ga. App. 874, 876 (889 SE2d 122) (2023). "Compliance with the discretionary appeals procedure is jurisdictional." *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (citation and punctuation omitted). Consequently, Szilagyi's failure to comply with the requisite appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 06/03/2026

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*